ALEF DELBAR TRUST,
et al., Plaintiffs,

v.

AMALGAMATED TRUST AND SAVINGS BANK, et al., Defendants.

No. 91 C 5635.

United States District Court,
N.D. Illinois,
Eastern Division.

June 24, 1994.

W. Scott Porterfield, Barack, Ferrazzano, Kirschbaum & Perlman, Chicago, IL, for plaintiffs.

William H. Gifford, Jr., Shefsky & Froelich, Ltd., Chicago, IL, for defendants.

### MEMORANDUM ORDER

BOBRICK, United States Magistrate Judge.

Before the court is the motion of defendant Francine Ehrenhaus for leave to file an amended answer to plaintiffs' second amended complaint.

### I. BACKGROUND

This case has been pending since 1988, when the plaintiffs—Alef Delbar Trust and Sidney and Sara Weinschneider—filed a complaint in Cook County Circuit to foreclose a mortgage on certain properties in Evanston and Niles, Illinois. On August 17, 1990, the plaintiffs filed a Second Amended Complaint for Foreclosure, Count II of which was directed at defendant Francine Ehrenhaus. Recovery under that Count, which is still pending, is based on a certain Note, Guaranty, and Security Agreement defendant was alleged to have executed. The three documents were attached as exhibits to the complaint. On September 14, 1990, defendant filed her Answer, in which she admitted executing the documents in question. Since that time, the action has been transferred to this court.

On May 13, 1993, this court entered summary judgment in favor of the Resolution Trust Corporation ("RTC") against defendant in the counterclaim that was part of this litigation. On January 19, 1994,[1] defendant submitted to a post-judgment debtor's examination in connection with that judgment. Pursuant to an agreement between the parties, plaintiff's counsel apparently was present and questioned defendant regarding the documents at issue. According to the defendant, she stated that she did not sign any of the documents. Although plaintiffs do not dispute that this exchange occurred, there is no evidence of this "testimony" before the court.

Defendant now moves to amend her answer to conform to her statements at the debtor's examination pursuant to Rules 15(a) and (b) of the Federal Rules of Civil Procedure. Plaintiffs argue that the amendment should not be allowed because of defendant's delay in discovering she did not sign documents that were part of a complaint filed against her in 1990. After assessing the parties' submissions and the standards applicable to amendments to pleadings, we agree with plaintiffs.

## II. *ANALYSIS*

■ As a threshold matter, we find Rule 15(b) inapplicable to defendant's motion. Rule 15(b) provides:

"When issues not raised by the pleadings *are tried by express or implied consent of the parties,* they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

Fed.R.Civ.P. 15(b) (emphasis added). The rule applies to amendments occasioned by evidence and issues raised at trial by the parties' consent. *In re Rivinius, Inc.,* 977

F.2d 1171, 1175 (7th Cir.1992). Here, there has been no trial. Furthermore, defendant has presented the court with no new evidence, only a claim that she provided certain "testimony" in a RTC examination in New York. Accordingly, we confine our analysis of this matter to Rule 15(a).

■ Rule 15(a) provides that leave to amend the pleadings "shall be freely given when justice so requires." In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court stated that leave sought should, as the Rule states, be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." 371 U.S. at 182, 83 S.Ct. at 230; *quoted in Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1298 (7th Cir.1993). Once these factors are considered, it is clearly inappropriate to allow defendant leave to amend.

This action was commenced in 1988. It is indisputable that, at least as long ago as August of 1990, and perhaps as early as 1988, defendant was aware of the documents at issue. Those documents were, without question, attached to the 1990 version of the complaint, thereby providing defendant with an opportunity to review them before filing her answer. In that answer, she admitted having executed those documents. Now, nearly four years later, she seeks to change that admission by amending her answer. Nowhere in her motion for leave to amend does defendant offer any excuse or explanation for this substantial delay. Instead, defendant seems to argue that it is incumbent upon plaintiffs to prove they have been prejudiced by the delay before the court can deny her leave to amend her answer. While prejudice is one factor to be considered in a case such as this, delay is a separate factor and is not necessarily linked to prejudice.

---

**1.** Both parties refer to the date of the RTC examination as January 19, *1993.* (Motion of Francine Ehrenhaus, at ¶ 4; Plaintiff's Response to Motion, at ¶ 7). As the judgment that presumably precipitated the examination was entered May 13, 1993, we assume, in this decision, that the correct date of the examination was January 19, *1994.*

When extreme, delay alone—with no show of resultant prejudice—is sufficient cause to deny a motion for leave to amend. *Fort Howard Paper Co. v. Standard Havens, Inc.,* 901 F.2d 1373, 1380 (7th Cir.1990). Here, we find the delay sufficiently extreme to warrant denial of defendant's motion in two senses. First, three-and-a-half years is an extremely long time to allow a party to retract an admission that she executed documents central to the claim against her. Defendant may have known about the documents providing the basis of the claim against her as early as 1988, when the action was first filed; she certainly knew about them by 1990, when she had the opportunity to review them as a part of plaintiffs' amended complaint. Nevertheless, she chose not to contest the authenticity of her signature on those documents until now. The function of Rule 15(a) is to enable parties to assert matters that were overlooked or were unknown at the time of the original answer. 6 Wright, Miller & Kane, *Federal Practice and Procedure,* § 1473 (1990). Defendant had the same information at her disposal in 1990 as she does now; nothing new has been discovered. All that is "new" is the fact that defendant has decided that she did not execute the documents she admitted executing in her original answer three-and-a-half years ago. Justice does not require such an amendment.

Defendant's delay in seeking to amend—or more accurately, contradict—her original answer is extreme in another sense. Nowhere in defendant's motion or reply memorandum is there any semblance of an excuse or explanation as to why the passage of three-and-a-half years was required to allow defendant to change her mind about her execution of the documents. It is within the court's discretion to deny a motion for leave to amend an answer to assert a defense where there is no reasonable excuse given for the delay in asserting that defense. *Justice v. Town of Blackwell,* 820 F.2d 238, 240–41 (7th Cir. 1987). Despite the liberal nature of the federal pleading rules, we think it incumbent upon defendant to offer some excuse, however feeble, for her three-and-a-half year delay in asserting that the signatures on the documents at issue are not hers. At the very least, there should be some explanation of what was transpiring during that period. Here, however, defendant does not even acknowledge that, perhaps, she owes the court and plaintiffs some explanation to justify her tardiness. Accordingly, defendant's motion for leave to amend her answer must be denied.

Clearly, when the length of defendant's delay in retracting her admission is coupled with the temerity of her failure to explain or offer an excuse for that delay, justice requires that her motion be denied. Whether plaintiffs have demonstrated any prejudice would result from allowance of the amendment is of no consequence to our decision. That being said, it is, nevertheless, obvious that allowance of amendment would, in fact, result in prejudice to plaintiffs, even if, as defendant contends, plaintiff had taken no action in this matter for the last three-and-a-half years. At the time of defendant's answer in 1990, defendants had no reason to believe that the validity of the documents that formed the basis of this claim would be in dispute. Now, suddenly, in 1994, the documents' validity could become a central issue in this case. Regardless of whether allowance of amendment would prejudice plaintiffs in terms of expense, it would prejudice them insofar as undermining the entire course of their litigation strategy. *See Missouri Housing Development Com'n v. Brice,* 919 F.2d 1306, 1316 (8th Cir.1990) (plaintiff would be prejudiced by allowance of amendment advancing claim that signature on document was a forgery where plaintiff "had previously been placed on notice that the validity of all of the defendants' signatures to the guaranty was not at issue"). Thus, even if we were not satisfied that plaintiff's unexplained and unexcused delay was sufficient reason to deny her motion, the potential prejudice to plaintiffs, when combined with that unexplained and unexcused delay, provides ample basis for denial of defendant's motion.

## III. *CONCLUSION*

For the foregoing reasons, the defendant's motion for leave to amend her answer to

plaintiff's second amended complaint is denied.